UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

EASTERN DIVISION

| | |
|---|---|
| DAMIAN VERGARA HERNANDEZ, | No. EDCV 08-1776 ERW (OPx) |
| Plaintiff, | **PROTECTIVE ORDER** |
| v. | |
| ARTURO ASCENCIO, et al., | |
| Defendants. | |

IT IS HEREBY ORDERED:

1.    In connection with discovery proceedings in this action, the parties may designate any document, thing, material, testimony or other information derived therefrom, as "Confidential" under the terms of this Stipulated Protective Order (hereinafter "Order").  Confidential information is information which has not been made public and which concerns or relates to sensitive documents, including personnel files or other information subject to the Privacy Act (codified at 5 U.S.C. § 552a), law enforcement techniques, policies and procedures, and criminal investigative files.  By designating a document, thing, material, testimony or other information derived therefrom as "confidential," under the terms of this order, the party making the designation is certifying to the court that there is a good faith basis both in law and in fact for the

1  designation within the meaning of Federal Rule of Civil Procedure

2  26(g).

3       2.    Confidential documents shall be so designated by

4  stamping copies of the document produced to a party with the

5  legend "CONFIDENTIAL."  Stamping the legend "CONFIDENTIAL" on the

6  cover of any multipage document shall designate all pages of the

7  document as confidential, unless otherwise indicated by the

8  producing party.  Stamping a CD/DVD "CONFIDENTIAL" on its label

9  shall designate the contents of the entire CD/DVD as

10 confidential, unless otherwise indicated by the producing party.

11      3.    Testimony taken at a deposition, conference, hearing or

12 trial may be designated as confidential by making a statement to

13 that effect on the record at the deposition or other proceeding.

14 Arrangements shall be made with the court reporter taking and

15 transcribing such proceeding to separately bind such portions of

16 the transcript containing information designated as confidential,

17 and to label such portions appropriately.

18      4.    Material designated as confidential under this Order,

19 the information contained therein, and any summaries, copies,

20 abstracts, or other documents derived in whole or in part from

21 material designated as confidential (hereinafter "Confidential

22 Material") shall be used only for the purpose of the prosecution,

23 defense, or settlement of this action, and for no other purpose.

24      5.    Confidential Material produced pursuant to this Order

25 may be disclosed or made available only to the Court, to counsel

26 for a party (including the paralegal, clerical, and secretarial

27 staff employed by such counsel), and to the "qualified persons

28 designated below:

EDCV08-1776.20110421.JKA.Protective Order - 506_mtd.wpd

(a)    a party, or an officer, director, or employee of a

               party deemed necessary by counsel to aid in the

               prosecution, defense, or settlement of this action;

        (b)    experts or consultants (together with their clerical

               staff) retained by such counsel to assist in the

               prosecution, defense, or settlement of this action;

        (c)    court reporter(s) employed in this action;

        (d)    a witness at any deposition or other proceeding in this

               action; and

        (e)    any other person as to whom the parties in writing

               agree.

        Prior to receiving any Confidential Material, each

"qualified person" shall be provided with a copy of this Order

and shall execute a nondisclosure agreement in the form of

Attachment A, a copy of which shall be provided forthwith to

counsel for each other party and for the parties.

        6.     Depositions shall be taken only in the presence of

qualified persons.

        7.     The parties may further designate certain discovery

material or testimony of a highly confidential and/or proprietary

nature as "CONFIDENTIAL--ATTORNEY'S EYES ONLY" (hereinafter

"Attorney's Eyes Only Material"), in the manner described in

paragraphs 2 and 3 above.  Attorney's Eyes Only Material, and the

information contained therein, shall be disclosed only to the

Court, to counsel for the parties (including the paralegal,

clerical, and secretarial staff employed by such counsel), and to

the "qualified persons" listed in subparagraphs 5(b) through (e)

above, but shall not be disclosed to a party, or to an officer,

1  director or employee of a party, unless otherwise agreed or

2  ordered.  If disclosure of Attorney's Eyes Only Material is made

3  pursuant to this paragraph, all other provisions in this order

4  with respect to confidentiality shall also apply.

5       8.   Nothing herein shall impose any restrictions on the use

6  or disclosure by a party of material obtained by such party

7  independent of discovery in this action, whether or not such

8  material is also obtained through discovery in this action, or

9  from disclosing its own Confidential Material as it deems

10  appropriate.

11      9.   If Confidential Material, including any portion of a

12  deposition transcript designated as Confidential or Attorney's

13  Eyes Only, is included in any papers to be filed in Court, such

14  papers shall be labeled "Confidential--Subject to Court Order"

15  and filed under seal until further order of this Court.

16      10.  In the event that any Confidential Material is used in

17  any court proceeding in this action, it shall not lose its

18  confidential status through such use, and the party using such

19  shall take all reasonable steps to maintain its confidentiality

20  during such use.

21      11.  This Order shall be without prejudice to the right of

22  the parties (i) to bring before the Court at any time the

23  question of whether any particular document or information is

24  confidential or whether its use should be restricted or (ii) to

25  present a motion to the Court under FRCP 26(c) for a separate

26  protective order as to any particular document or information,

27  including restrictions differing from those as specified herein.

28  This Order shall not be deemed to prejudice the parties in any

EDCV08-1776.20110421.JKA.Protective Order - 506_mtd.wpd

1  way in any future application for modification of this Order.

2      12.  This Order is entered solely for the purpose of

3  facilitating the exchange of documents and information between

4  the parties to this action without involving the Court

5  unnecessarily in the process.  Nothing in this Order nor the

6  production of any information or document under the terms of this

7  Order nor any proceedings pursuant to this Order shall be deemed

8  to have the effect of an admission or waiver by either party or

9  of altering the confidentiality or nonconfidentiality of any such

10  document or information or altering any existing obligation of

11  any party or the absence thereof.

12      13.  This Order shall survive the final termination of this

13  action, to the extent that the information contained in

14  Confidential Material is not or does not become known to the

15  public, and the Court shall retain jurisdiction to resolve any

16  dispute concerning the use of information disclosed hereunder.

17  Upon termination of this case, counsel for the parties shall

18  assemble and return to each other all documents, material and

19  deposition transcripts designated as confidential and all copies

20  of same, or shall certify the destruction thereof within 60 days

21  of the termination of this action.

22  DATED: April 26, 2011

                                    _____
                                    E. RICHARD WEBBER
23                                  UNITED STATES DISTRICT JUDGE

    PRESENTED BY:
24  ANDRÉ BIROTTE JR.
    United States Attorney
25  LEON W. WEIDMAN
    Assistant United States Attorney
26  Chief, Civil Division

27   /s/ Jason K. Axe
    _____
    JASON K. AXE
28  Assistant United States Attorney
    Attorneys for Defendant
    United States of America
    EDCV08-1776.20110421.JKA.Protective Order - 506_mtd.wpd

1           Attachment A

2        NONDISCLOSURE AGREEMENT

3

4   I, _____ do solemnly swear that I am

5 fully familiar with the terms of the Stipulated Protective Order

6 entered in Damian Vergara Hernandez v. United States of America,

7 United States District Court for the Central District of

8 California, Civil Action No. EdCV 08-1776 ERW (OPx), and hereby

9 agree to comply with and be bound by the terms and conditions of

10 said Order unless and until modified by further Order of this

11 Court.  I hereby consent to the jurisdiction of said Court for

12 purposes of enforcing this Order.

13

14 DATED: _____

15

16             _____